BROCKMAN MUSIC, Milene Music, Inc., Michael H. Goldsen, Inc., Lyle Lovett, Colgems–EMI Music, Inc., Sharp Circle Music, BMG Songs, Inc., Beginner Music, Polygram International Publishing, Inc., Jeff Who Music, Unami Music, Cross Keys Publishing Co., Inc., Kieran Kane Music, Bellamy Brothers Music, Lorimar Music A Corp. and Chappell & Co., Inc., Plaintiffs,

v.

AIRE/INK INCORPORATED and David R. Fransen, Defendants.

MILENE MUSIC, INC., the Alabama Band Music Company, Warner Bros., Inc., Howlin' Hits Music, Inc., Square West Music, Inc., Polygram International Publishing, Inc., MCA, Inc., Don Schlitz Music, Colgems–EMI Music, Inc., Blue Quill Music, and Bonnyview Music Corp., Plaintiffs,

v.

AIRE/INK INCORPORATED, Valley Communications, Inc. and David R. Fransen, Defendants.

AIRE/INK INCORPORATED, Valley Communications, Inc., and David R. Fransen, Third–Party Plaintiffs,

v.

AMERICAN SOCIETY OF COMPOSERS, AUTHORS AND PUBLISHERS, Third–Party Defendant.

No. CV 92–25–H–CCL.

United States District Court,
D. Montana,
Helena Division.

Oct. 27, 1993.

John H. Grant, Jackson, Murdo, Grant & McFarland, Helena, MT, for plaintiffs.

Leo C. Graybill, Jr., Graybill, Ostrem & Crotty, Great Falls, MT, for defendants.

ORDER

ERICKSON, United States Magistrate Judge.

This matter is before the Court on referral from the Honorable Charles C. Lovell for all pretrial matters, including Plaintiffs' Motion for Protective Order and Sanctions, pursuant to 28 U.S.C. § 636(b)(1)(A).

By Order dated January 28, 1993, this Court granted the Motion for Protective Or-

der but reserved ruling on the Motion for Rule 11 Sanctions pending resolution of the issues raised by Defendants' counsel relative to a possible claim by Defendants of "tying" involving two of Defendants' radio stations. The Court noted that if this claim was shown to have no legal foundation then the Court would reconsider the issue of sanctions. Subsequently, the above-entitled cause was consolidated with Milene Music, Inc. et al. vs. Aire/Ink, Inc. and David R. Fransen in Cause No. CV 92–58. On June 10, 1993, Defendants filed an "Answer to Amended Complaint and Cross–Complaint." Defendants subsequently conceded that the so-called Cross–Complaint is more properly a Third–Party Complaint. The Third–Party Defendant in that Complaint is the American Society of Composers, Authors and Publishers, a/k/a ASCAP. In its Answer to the Amended Complaint and Cross–Complaint Defendant Aire/Ink admits it holds licenses to KDRG–AM and KGLM–FM from the FCC. It further admits that Valley Communications, Inc. is a Montana corporation whose purpose is to operate the business affairs of KDRG–AM and KGLM–FM and that Defendant David R. Fransen is the owner of all stock of the two stations except the minimum qualifying shares for other officers of the corporation.

The Defendants, in their Third Party Complaint, allege that ASCAP refused to license KGLM–FM due to the refusal of Defendants to pay all sums claimed due ASCAP by KDRG–AM.

In Count 1 of the Third Party Complaint the Defendants allege the refusal to license KGLM–FM unless license fees for KDRG–AM were paid is a violation of the federal anti-trust laws, namely the Sherman Act (15 U.S.C. §§ 1 through 7), the Clayton Act as amended by the Robinson–Patman Act (15 U.S.C. §§ 12 through 27), and the Federal Trade Commission Act (15 U.S.C. §§ 41 through 58).

Count 2 alleges violation of § 30–14–103, MCA. A review of the allegations in the Third–Party Complaint as well as the allegations in the Amended Third–Party Complaint filed August 27, 1993 (though without leave of Court) reveals that although there are allegations of "tying" as discussed in the prior Order of this Court reserving the issue of consideration of Rule 11 sanctions, that such allegations are directed solely toward ASCAP and provide no apparent basis for the need of Defendants to orally depose the named Plaintiffs in either of the consolidated cases. Accordingly, the Court deems it appropriate at this time to rule on the Motion for Rule 11 Sanctions.

For the reasons set forth in the Rationale that follows, the Court finds that the Motion for Sanctions Under Rule 11 should be granted, that the appropriate sanction would include attorney's fees and costs incurred in seeking the protective order relative to the oral deposition of any of the named Plaintiffs, and that in order to determine that amount counsel for Plaintiffs shall submit an itemized statement of such fees and costs.

## RATIONALE

The underlying action is for copyright infringement under Title 17, United States Codes. Plaintiffs, as the owners of various copyrighted musical compositions, allege that Defendants willfully infringed the copyright in certain compositions identified in the Complaint by giving public performances of those compositions as part of the programs broadcast by radio station KDRG–AM and threatened to continue such infringing performances. Defendants filed a general denial of each and every allegation of the Complaint.

Defendants thereafter filed notice of taking the deposition upon oral examination, together with a request for production of documents, directed to two of the named Plaintiffs, Chappel & Co., Inc. and Brockman Music. The notices set the depositions for Defendants' attorneys' offices in Great Falls, Montana, and directed each of the named Plaintiffs to designate one or more officers, agents, partners, or other persons who could testify on behalf of the respective Plaintiff with respect to the following matters:

1. the conception, creation, production, and use of the particular musical composition allegedly played by Defendants;

2. any correspondence between Plaintiff and ASCAP regarding the said musical com-

position, including any agreements with AS-CAP for licensing of said musical composition;

3. any certificate regarding copyright of said musical composition, including any limitations on its use, including transfer, fair use, special performances, secondary transmissions, use by agencies retransmitting; and,

4. the circumstances and specifics of audits to radio station KDRG–AM by Plaintiff or on its behalf, including any tape recordings, etc.

Plaintiffs then filed their Motion for Protective Order and request for the Court to award Rule 11 sanctions against Defendants' counsel. The Motion for Protective Order was granted based upon the authority in the Memorandum and Order issued by the Honorable Charles C. Lovell in CV 86–231, entitled *Brockman Music et al. vs. Edward E. Berney.*

Rule 11 of the Federal Rules of Civil Procedure provides that every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record and that the signature of the attorney constitutes a certificate by him that he has read the pleading, motion, or other paper, that to the best of his knowledge, information and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion, or other paper is signed in violation of the rule, then the Court shall impose upon the person who signed it an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney fee.

Upon receipt of the deposition notices Plaintiffs' counsel sent to counsel for Defendants, on August 5, 1992, a letter setting forth Plaintiffs' objection to the oral depositions and cited to several cases in support of the Plaintiffs' position. The letter specifical-ly referred to *Ocasek v. Hegglund,* 116 F.R.D. 154, 159, fn. 3 (D.Wyom.1987), where, "Chief Judge Brimmer noted that 'the courts appear to be unanimous in their conclusion that copyright plaintiffs who are protected by ASCAP should not be deposed.'" Plaintiffs also referred to Judge Lovell's decision in *Brockman Music et al. v. Berney,* and enclosed copies of both of these cases. Plaintiffs offered, in the same letter, to make available for deposition an ASCAP representative having knowledge of the matters involved in the lawsuit, including ASCAP's extended prior dealings with the Defendants. Finally, counsel for Plaintiffs noted that if Defendants did not voluntarily withdraw their deposition notices then Plaintiffs would move for the necessary protective order.

A subsequent letter was sent on September 4, 1992, to counsel for Defendants, again noting that the oral deposition of the Plaintiffs is not appropriate in a copyright action and reminding counsel of the authority found in Judge Lovell's decision.

In response to the Motion for Sanctions the Defendants attempted to distinguish from the decision entered by Judge Lovell on the basis that the Defendants are not seeking to depose the artists themselves but only an agent, corporate officer, or other designated person and that by doing so it does not place an undue burden upon the Plaintiffs. This argument must fail.

In order to make a prima facie case for infringement of copyright and musical compositions a plaintiff need prove only the following:

(1) The originality and authorship of the compositions involved;

(2) compliance with all formalities required to secure a copyright under Title 17, United States Code;

(3) that plaintiffs are the proprietors of the compositions involved in this action;

(4) that the compositions were performed publicly for profit (by the defendant); and

(5) that the defendants had not received permission from any of the plaintiffs or their representatives for such performance.

*Ocasek v. Hegglund,* 116 Fed.Rules Decisions 154, 160 (D.Wyom.1987), citing *Van*

*Halen Music v. Palmer,* 626 F.Supp. 1163, 1165 (W.D.Arkan.1986); *Boz Scaggs Music v. KND Corp.,* 491 F.Supp. 908, 912 (D.Conn.1980).

A prima facie case as to the first three elements may be made by submitting certified copies of copyright registration certificates and any subsequent assignments. *Ibid.,* at p. 160.

Applying the elements of a prima facie case to the information sought from the Plaintiffs in the notice of deposition, the Court would note that the request for information on the conception, creation, production, and use of the specific musical compositions can be met by Plaintiffs submitting certified copies of the copyright registration certificates. The request for any correspondence between Plaintiffs and ASCAP regarding the said musical composition, including any agreements with ASCAP for licensing, can be met by submitting certified copies of any subsequent assignments of the copyright registration certificates. Any certificate regarding copyright of the musical composition, including limitations on its use, can likewise be met by submitting certified copies of the copyright registration certificates and any subsequent assignments. Finally, Item 4 seeking the circumstances and specifics of audits to radio station KDRG–AM by Plaintiffs or on their behalf, including any tape recordings, etc., is clearly outside of the scope of the knowledge of Plaintiffs and particularly within the knowledge of ASCAP.

This brings us to the reason for the rule limiting oral depositions of Plaintiffs in copyright infringement actions such as the one at bar.

> It is clear that in actions of this nature ASCAP's members are not aware of each infringement action to which they are party; have little or no knowledge of specific facts giving rise to the litigation; and have little or no involvement in the handling of the litigation. *Berney,* supra at p. 2.

There is no reason to suppose that any "officer, agent, partner or other person who can testify on behalf of" the Plaintiffs would have any more information than that possessed by the Plaintiffs. Not only do the named Plaintiff's have little, if any, knowledge of the facts giving rise to the litigation,

... to allow the defendants to depose the plaintiffs in these types of infringement suits would render the enforcement procedure so costly and burdensome as to preclude the vindication of the principle of copyright. *Ocasek* at p. 154.

Finally, the courts have assured the rights of the Defendants in this type of action by limiting only the right to oral deposition, reserving to defendants the right to submit written depositions, written interrogatories and requests for admissions. If the defendant is, after receipt of answers, able to show they are insufficient then the defendant may apply to the court for leave to take oral depositions.

Counsel for Defendants has clearly ignored this plain body of law and, having failed to show that his notice of oral depositions of the Plaintiffs in this particular action is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law and that such notices were not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, is in violation of Rule 11. This conduct is of particular concern to the Court in light of the efforts made by counsel for Plaintiffs to alert Defendants' counsel to cases holding directly contrary to Defendants' position and providing to Defendants' counsel every opportunity to withdraw the notices of oral deposition.